THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SARAH P., <br><br>　　　　Plaintiff, <br><br>v. <br><br>MARTIN J. O'MALLEY,[1] <br>Commissioner of Social Security, <br><br>　　　　Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:23-cv-00890-HCN-JCB <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Jared C. Bennett |

　　　　This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[2] Before the court is Plaintiff Sarah P.'s ("Plaintiff") appeal of Commissioner of Social Security Martin J. O'Malley's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, the court recommends that the Commissioner's decision be affirmed.

---

[1] Martin J. O'Malley is now the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted for Acting Commissioner of Social Security Kilolo Kijakazi as the Defendant in this case. ECF No. 5.

[2] ECF No. 4.

[3] 42 U.S.C. §§ 401-434.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In November 2021, Plaintiff applied for DIB.[4] Plaintiff's application was denied initially[5] and upon reconsideration.[6] Plaintiff later appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"),[7] who issued a written decision denying Plaintiff's claim for DIB.[8] Plaintiff appealed the adverse ruling, and the Appeals Council denied her appeal,[9] which made the ALJ's decision final for purposes of judicial review.[10] Thereafter, Plaintiff filed a complaint in this court seeking judicial review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a

---

[4] ECF No. 11, Administrative Record ("AR ___") 205-06.

[5] AR 87-91.

[6] AR 93-97.

[7] AR 31-66.

[8] AR 7-23.

[9] AR 1-6.

[10] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[11] ECF No. 1.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[13] 42 U.S.C. § 405(g).

preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any

---

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is her greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments.[23] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[25] "If the claimant is able to perform [her] previous work, [she] is not disabled."[26] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[27]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age,

---

[20] 20 C.F.R. § 404.1525(a); *see also id.* § 404.1520(a)(4)(iii).
[21] *Williams*, 844 F.2d at 751.
[22] 20 C.F.R. § 404.1520(a)(4), (e).
[23] *Id.* § 404.1545(a)(1), (b)-(c).
[24] *Id.* § 404.1545(a)(2).
[25] *Id.* § 404.1520(a)(4)(iv).
[26] *Williams*, 844 F.2d at 751.
[27] *Id.*
[28] *Id.*

education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[31]

### ANALYSIS

On judicial review, Plaintiff raises two issues. First, Plaintiff contends that the ALJ failed to evaluate the opinion of Dr. Kristin E. Mitrovich ("Dr. Mitrovich"). Second, Plaintiff asserts that the ALJ failed to account for the medically determinable impairment of depression in the RFC. As shown in order below, each argument fails.

I. **The ALJ Appropriately Refused to Consider Dr. Mitrovich's Opinion Because It Was Not a "Medical Opinion" and Was Otherwise Irrelevant to Plaintiff's Petition.**

Dr. Mitrovich did not offer a "medical opinion," and, therefore, the ALJ did not need to consider it. The Commissioner's regulations require an ALJ to discuss the persuasiveness of "medical opinion" evidence in the record.[32] The regulations define a "[m]edical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities."[33] Although a licensed neurologist like Dr. Mitrovich is clearly a "medical source,"[34] her opinion provides no information whatsoever as to what Plaintiff could do despite her

---

[29] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[30] 20 C.F.R. § 404.1520(a)(4)(v).

[31] *Id.*

[32] *Id.* § 404.1520c.

[33] *Id.* § 404.1513(a)(2).

[34] *Id.* § 404.1502(a)(1) (defining "medical source" to include a "[l]icensed physician (medical or osteopathic doctor)").

impairments.[35] Although Dr. Mitrovich clearly opines that Plaintiff cannot work, Dr. Mitrovich says nothing regulatorily significant about what Plaintiff *can do*. For example, Dr. Mitrovich's opinion is devoid of any opinion as to whether Plaintiff can sit, stand, walk, lift, carry, push, pull, crouch, stoop, understand, remember, maintain concentration, carry out instructions, hear, see, or adapt to environmental conditions, among several other things.[36] Omitting anything regulatorily useful from an opinion, albeit from a highly qualified physician, does not make a medical opinion under the law, and the ALJ was not required to consider such an opinion. Therefore, Plaintiff's first argument fails.

II. **Sufficient Record Evidence Exists to Show That the ALJ Considered Plaintiff's Depression but Considered It So Mild That It Did Not Warrant Any Limitations in the RFC.**

The ALJ appropriately excluded depression-linked limitations in the RFC determination. When determining an RFC, the ALJ must consider all medically determinable impairments whether severe or not,[37] and a discussion of why the impairment is not severe at step two is no substitute for why that non-severe impairment does not impact the RFC.[38] Here, the ALJ clearly found at step two that Plaintiff's depression was non-severe and had, at best, a mild impact on her ability to concentrate and persist in work tasks.[39] Then, when discussing the RFC, the ALJ

---

[35] AR 950.

[36] 20 C.F.R. § 404.1513(a)(2).

[37] *Id*. § 404.1545(a)(2); *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (stating that "a finding of non-severity alone would not support a decision to prepare an RFC assessment omitting any mental restriction").

[38] *Wells*, 727 F.3d at 1068-69 (stating that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five").

[39] AR 13.

6

considered "whether there [was] an underlying medically determinable physical or mental impairment(s) . . . that could reasonably be expected to produce [Plaintiff]'s pain or other symptoms."[40] The ALJ determined, "[a]fter careful consideration of the evidence," that Plaintiff's "allegations [were] somewhat out-of-proportion to the medical findings."[41] In addressing the "medical findings," the ALJ specifically referenced the "State agency psychologists," who opined that Plaintiff "did not have any severe mental impairment" and did not discuss any limitations based on mental impairments.[42] Thus, the ALJ clearly showed that he was considering mental impairments in his RFC determination, and considering the ALJ's discussion at step two as to how mild Plaintiff's depressive condition was,[43] the court can easily conclude that depression could not have exerted any material effect on the RFC determination.[44] Consequently, Plaintiff's second argument fails.

## RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMENDED that the ALJ's decision be AFFIRMED.

---

[40] AR 14.

[41] AR 14-15.

[42] AR 16.

[43] AR 13.

[44] *Alvey v. Colvin,* 536 F. App'x 792, 794 (10th Cir. 2013). Additionally, the medical evidence in the Administrative Record fails to disclose anything to the contrary. For example, Plaintiff never consulted a psychiatrist, psychologist, or therapist about her depression, and, frequently, her medical providers noted that she was not depressed. AR 338, 344, 347, 350, 355, 357, 371, 375, 379, 383, 454, 523, 527-28. Therefore, depression could not factually impact the RFC.

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[45] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[46] Failure to object may constitute waiver of objections upon subsequent review.

IT IS SO ORDERED.

DATED this 9th day of August 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[45] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[46] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).